31 C.C.P.A.(Patents)

## In re GROSSMAN et al.

## Patent Appeal No. 4814.

Court of Customs and Patent Appeals.

Dec. 7, 1943.

Paul Kolisch, of New York City, for appellant.

W. W. Cochran, of Washington, D.C. (E. L. Reynolds, of Washington, D.C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner finally rejecting claims 8 to 12, inclusive, of an application for a patent for an electric switch. Four claims were allowed.

Claim 9 is illustrative, and reads as follows: "9. In an electric switch, a housing, wires leading into said housing, contacts within said housing connected with said wires, a handle on said housing for opening and closing said contacts, thus establishing an off position and a plurality of operating positions for the switch, an electric lamp within said housing and visible from outside of said housing when lighted, and a circuit for said lamp closed throughout all operating positions and opened in the off position."

The reference cited is Kroupa 1,647,300, November 1, 1927.

The invention relates to an improvement in electric switches, particularly to a multiple electric snap switch. It comprises a housing which contains the elements of the switch. On the outside of the housing is a knob or handle which by turning governs the electric current which generates heat through heating elements. Within the housing there is an electric light bulb which is lighted during the time the switch is in the on position. The device contains two heating elements, and the switch comprises three spaced fixed contacts which are brought into successive engagement with a rotatable cam having three metal sections and one fibre section, in order to connect the desired heating element into the circuit or to cut them both out or to connect them both in. The device is intended for use in electric heating pads and the like, and may produce high, medium and low temperatures in the pad. The user of the pad may always know when the current is on by observing the light and thus, it is said, guard against accidents.

The Kroupa patent relates to electric switches and is adapted for use in circuit testers by which a plurality of circuits may be separately and readily tested to detect blown-out fuses, or other defects in an electrical system which interfere with the

proper flow of current through the conductor.

Claims 8, 9, 10 and 11 were rejected by the Primary Examiner as functional and as substantially met by the single reference of the prior art. Claim 12 was rejected as fully met by said art.

The Board of Appeals affirmed the decision of the examiner with respect to the prior art, but stated it did not find the rejected claims to be functional, and therefore in effect reversed the examiner on this ground.

Appellants contend that their improvement over the cited prior art, which renders the claims patentable, is defined by the clause "closed throughout all operating positions and opened in the off position." Each of the rejected claims expresses the same thought in somewhat different language.

The issue as presented here is whether or not the language quoted from the claim is sufficient to define a device patentably distinct from the device of the Kroupa patent.

It is clear that the Kroupa patent discloses all of the elements defined in the rejected claims, and it is equally clear that the device of the patent does not, as does the device of the claims herein, maintain a continuously closed electrical circuit while switching from one to another position.

The lamp is used in both the rejected claims and in the reference for the single purpose of showing that the circuit is closed. It is obvious that in both the patent and the claims herein the lamp circuit is "closed throughout all operating positions and opened in the off position." The on position of the device of the rejected claims, during which the lamp is lit, continues until the switch is turned to the off position. Similarly in the device of Kroupa the lamp is lit when the switch is in the on position until it is in an off position. If a different result is accomplished by the device of appellant from that of the prior art such difference would have to be defined in the terms of structure. In our opinion no such difference appears in the involved claims.

In our opinion appellants have not defined any structure or arrangement of elements which will produce any different result than that which is produced by the patentee. Reduced to its final analysis the limitation in each of the rejected claims which appellants contend renders such claims patentable means merely that when the switch is in an on position the light is lit and when in an off position the light is out.

For the reasons herein set out, the decision of the Board of Appeals is affirmed.

Affirmed.